UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE ANGELIQUE IORG,<br><br>    Plaintiff,<br><br>    v.<br><br>USA,<br><br>    Defendant. | No. 2:19-cv-01346 JAM AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has paid the filing fee in this case and an initial scheduling conference has been set for February 5, 2020. ECF No. 3. Before the court is a motion to dismiss by defendant United States of America. ECF No. 5. Because there is no subject matter jurisdiction and plaintiff cannot state a claim, it is recommended that the motion to dismiss be GRANTED without leave to amend, and that this case be dismissed with prejudice. In light of this recommendation, the initial scheduling conference is VACATED.

## I. BACKGROUND

A. <u>Allegations of the Complaint</u>

Nicole Angelique Iorg filed her complaint on July 18, 2019. ECF No. 1. Plaintiff alleges that she has fraudulent court documents that were typed up by a United States federal employee, Irene Williams District Attorney, stating that she was present in court on October 3, 2017 for case

1

number 17EO14391 and 17MI009682 with her appointed public defender Teresa Huang. Id. at 3-4. Plaintiff alleges that this is false and that she was in court on August 14, 2017 but was "kick[ed] out" of the courtroom for asking the Honorable Judge Michael Sweet to sign her grievances because the correctional officers refused to sign them. Id. at 4. She alleges she was never appointed a public defender and never saw or met Teresa Huang. Id.

Plaintiff alleges that on October 3, 2017 she received her one and only medical evaluation from Dr. Janice Nakagawa which contains fraudulent forgery documents reflecting a mental health evaluation conducted September 22, 2017. Id. Plaintiff has a print-out of all of her court dates, and she only had four where she was called out of her cell from August 3, 2017 to May 10, 2019, and she had an illegal involuntary commitment to Napa State Hospital. Id. at 5.

Since plaintiff has been out of jail as of May 10, 2018, Judge Michael Sweet retired and District Attorney Irene Williams has moved to Santa Clara County, and Judge Winn is no longer in Department 4 of the Superior Courthouse as of November 9, 2018. Id. at 7. Plaintiff alleges she was forced to take antipsychotic medications at Napa State Hospital. Id. at 9. Plaintiff further alleges she was sexually harassed and assaulted by being strip searched. Id. at 10.

The court notes that on November 9, 2018, plaintiff filed a complaint in a separate case bringing allegations nearly identical to those presented here. Iorg v. United States of America, 2:18-cv-02953 MCE CKD ("Iorg I").[1] The facts asserted in the Iorg I complaint and the complaint at issue in this case are the same. Iorg I was dismissed for lack of subject matter jurisdiction on January 18, 2019. Iorg I, ECF Nos. 8 and 9. Ms. Iorg filed this case exactly 6 months later. ECF No. 1.

B. The Claims

The complaint is captioned as a Complaint for "Fraudulent court documents & fraud on the court, forgery, counterfeiting, check offenses, sexual harassment and assault & battery." ECF No. 1 at 1. The body of the document lists plaintiff's causes of action as "Forced Antipsychotic Medication" and "Sexually Assaulted." ECF No. 1 at 9-10.

---

[1] The court may take judicial notice of its own records. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

## II. MOTION TO DISMISS

Defendant seeks to dismiss plaintiff's case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 5-1.

### A. This Court Lacks Jurisdiction to Hear This Case

Federal courts are courts of limited jurisdiction. To invoke a federal court's subject-matter jurisdiction, a plaintiff needs to provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Jurisdiction can either be based on diversity of parties or the presence of a federal question. 28 U.S.C. § 1331, § 1332. The plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Harris v. Rand, 682 F.3d 846, 850-51 (9th Cir. 2012). Assuming compliance with those standards, the plaintiff's factual allegations will ordinarily be accepted as true unless challenged by the defendant. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1363, at 107 (3d ed.2004).

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise by motion the defense that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013).

Here, defendant mounts a facial attack by arguing that plaintiff's complaint does not support either diversity or federal question jurisdiction. Because plaintiff's complaint discusses events during her involvement with the state court system and names the United States as the only

defendant[2] without stating any relevant facts that involve the United States, there is no apparent basis for federal jurisdiction. See ECF No. 1. As was the case in Iorg I, "[t]hough plaintiff names the United States of America as the defendant, her allegations are too vague and conclusory to assert a federal claim and/or a basis for federal subject matter jurisdiction." Iorg I at ECF No. 7 at 1-2; see also Fed. R. Civ. P 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). As with Iorg I, there is no basis for subject matter jurisdiction apparent on the face of the complaint, and the complaint therefore must be dismissed.

B. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the Complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most

---

[2] Plaintiff does allege facts that could, with great liberality, be construed as supporting constitutional claims against state actors; such claims could in theory give rise to federal jurisdiction under 42 U.S.C. § 1983. However, because plaintiff does not name any state actor defendants in this case, there is no basis for § 1983 jurisdiction here.

favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

This complaint fails to state a claim because the only named defendant is the United States of America, and the complaint does not contain a single relevant fact tied to the defendant. Instead, the complaint focuses on alleged mistreatment that occurred during plaintiff's interactions with the state court and state prison system.  ECF No. 1.  Where the facts alleged cannot possibly create liability for the only defendant, the complaint does not state a plausible claim and must be dismissed.  See Iqbal, 556 U.S. at 678 (stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (emphasis added).[3]  Because the facts alleged make clear that the United States was not involved in the incidents that form the

////

---

[3] Plaintiff specifically alleges that false documents were created by a federal employee, who is further identified as a District Attorney appearing in superior court.  Because a prosecutor in the state court system cannot be a federal employee, the court need not and does not accept the allegation of federal employment status as true.  None of plaintiff's allegations plausibly support federal involvement in the matters of which she complains.

basis for plaintiff's complaint, amendment cannot cure the defect and leave to amend would be futile.

Moreover, to the extent that plaintiff seeks to pursue claims for "forgery, counterfeiting, check offenses… and assault and battery," these are criminal acts that may not be prosecuted by private parties in civil lawsuits. See Clinton v. Jones, 520 U.S. 681, 718 (1997) ("Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). This defect cannot be cured by amendment.

### III. CONCLUSION

It is hereby ORDERED that the initial scheduling conference set in this case for February 5, 2020 is VACATED.

It is hereby RECOMMENDED that defendant's motion to dismiss this lawsuit be GRANTED, and that this case be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, parties may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 18, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6